■ DERWOOD L. LITTLEFIELD et al., Respondents, v APEX ROOFING & CONSTRUCTION COMPANY et al., Appellants. [640 NYS2d 364] —Casey, J. Appeal from an order of the Supreme Court (Lynch, J.), entered June 2, 1995 in Schenectady County, which partially granted plaintiffs' motion to, *inter alia*, restrain defendants from removing certain personal property from plaintiffs' premises.

Plaintiffs and defendants entered into a contract whereby defendants agreed to install roofing on plaintiffs' premises, known as the Joy Department Store Complex (hereinafter the Complex), located in the Town of Clifton Park, Saratoga County. The contract provided that plaintiffs would make an initial payment of $34,000 at the time the contract was signed "to cover the cost of materials". Plaintiffs remitted $34,000 to defendants and defendants had roofing materials, valued at $21,135.03, delivered to the Complex. Shortly thereafter, defendants advised plaintiffs that they could not perform the work called for under the contract nor could they repay the $34,000 previously remitted to them by plaintiffs. Plaintiffs then commenced this action against defendants for breach of contract and also moved for a restraining order enjoining defendants from removing any personal property or materials from the Complex. Supreme Court granted plaintiffs' motion and defendants appeal.

The restraining order was issued pursuant to CPLR 2701 (1), which provides that a court "may order personal property capable of delivery *which is the subject of the action * * ** delivered to such person as it may direct" (emphasis added). Defendants contend that CPLR 2701 (1) is not applicable to the

instant breach of contract action because its "subject" is the entire roofing project, as contemplated by the contract, not the mere provision of raw materials. We disagree.

While the contract between the parties does concern the roofing project at the Complex, an indispensable part of the project is defendants' provision of the roofing materials to be used therein. The contract language specifically states that the first installment paid by plaintiffs was meant "to cover the cost of materials", making it clear that the purchase and delivery of said materials constituted part of defendants' performance under the contract. We conclude that the materials were properly found by Supreme Court to be eligible for an order of disposition pursuant to CPLR 2701 (1).

We reject defendants' contention that Supreme Court abused its discretion by failing to require plaintiffs to post an undertaking. An undertaking is unnecessary here given the undisputed fact that defendants currently have possession of plaintiffs' $34,000, a sum which exceeds the acknowledged value of the materials by over $12,000.

Cardona, P. J., Crew III, White and Peters, JJ., concur. Ordered that the order is affirmed, with costs.